FRANK DRACHLER, Appellant, *v.* EZRA N. FOOTE, Respondent.

*Reformation of a written instrument because of mistake — proof required of a mistake of both parties — form of relief where there is a mistake of one party.*

A written instrument, carefully and deliberately prepared and executed, is evidence of the highest character, and will be presumed to express the intention of the parties to it until the contrary appears by clear, positive and unequivocal evidence. To entitle a party to a decree reforming such an instrument because of mistake, he must show that the material stipulation which he

claims was omitted or inserted was so omitted or inserted contrary to the intention of both parties and under a mutual mistake. It is not enough to show that he made a mistake himself ; that, through inadvertence and error on his part, he executed an instrument which did not express what he intended. He must also show that the other contracting party labored under a similar delusion.

Courts of equity should exercise great caution in reforming written instruments on the ground of mistake, and should do so only when the proof of the mistake is so clear and convincing as to leave no room for doubt.

A mistake by one of the contracting parties may be a ground for rescinding the contract or for refusing to enforce its specific provisions, but it cannot be a ground for altering its terms.

APPEAL by the plaintiff, Frank Drachler, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Chenango on the 15th day of September, 1902, upon the decision of the court, rendered after a trial at the Chenango Special Term, dismissing the plaintiff's complaint upon the merits, and granting the defendant affirmative relief by reforming and correcting a contract and deed given by the defendant to the plaintiff, by inserting therein a reservation of a right of way over a portion of the premises conveyed.

*Herbert C. Stratton,* for the appellant.

*Eugene Clinton* and *Albert F. Gladding,* for the respondent.

HOUGHTON, J. :

The action is for damages for breach of covenant of warranty and peaceable possession contained in a deed of a farm given by defendant to the plaintiff, dated January 1, 1892. The breach consisted of the existence of a permanent right of way in a third party, over what is termed a five-acre parcel, constituting a portion of the farm conveyed. The deed was given in pursuance of a contract, executed in October, 1887, which provided for a deed free and clear from incumbrances. The defendant procured a deed and contract to be drawn by his own attorney, and caused a survey to be made of the lands conveyed. Neither the contract nor the deed reserved the right of way existing over the five-acre parcel. In 1889 the plaintiff brought action against those using the right of way and trespassing upon his land, and the parties in whom the right of way existed established their title. It is not questioned on this appeal that the right of way does not exist, but the defendant

seeks to avoid damages under the covenant contained in the deed, on the ground that the existence of the right of way was known to the plaintiff at the time of his purchase, and that by mutual mistake the reservation of it was omitted from the deed. The trial court found with the defendant and dismissed the plaintiff's complaint and granted reformation of the deed and contract by inserting an exception of the right of way in controversy.

The plaintiff insists that there was no such clear and satisfactory proof that there was a mutual mistake in omitting the reservation of the right of way as justified the court in dismissing the complaint and granting the relief to the defendant.

We think he is right in this contention. The defendant testified that at the time negotiations were had for the sale of the farm and the making of the contract, he told the plaintiff of the existence of the right of way, and that the plaintiff said he would buy the farm with the right reserved; and in this he is corroborated by his son, at that time a boy about seventeen years old. On cross-examination, however, the defendant says that he hardly thinks there was anything said about putting the reservation in the contract. The plaintiff denies this statement, and both he and his wife testify that after the plaintiff discovered the existence of the right of way the defendant expressed surprise that it existed and agreed to make it right.

Counsel for both parties admit that mere knowledge of the existence of the right of way by the plaintiff would be insufficient to authorize a decree of reformation, and in this they are correct.

The respondent insists, however, that knowledge on the part of the plaintiff is a strong circumstance in favor of the defendant's claim that there was a mutual mistake in omitting the reservation. Aside from the defendant's testimony, there is no positive evidence that the plaintiff actually knew of its existence. To be sure, he had constructive notice of it, because the deed reserving the right of way was on record. During the year he occupied the farm, before he made the contract of purchase, he had seen the third parties crossing occasionally to their wood lot. Bare knowledge of this fact, however, would not show conclusively that he knew a permanent right to cross existed. It could as well be assumed that the crossing was by virtue of a mere license, or good nature, as well as that it was under indisputable right.

The claim of the respondent, that when the plaintiff fenced the five-acre parcel, after his purchase, he put a barway in his west line north of the five-acre lot for the accommodation of the third parties, and thus recognized the right of way, is not sustained by the evidence. He did put a barway in the north side of the five-acre lot near the northeast corner, and on the west side near the southwest corner. These barways were entirely proper for the use of the lot by the plaintiff himself — the north barway for the drawing of produce to his barns, and the west barway for the purpose of entering on his own wood lot, which was south of the five-acre tract.

The location of the third barway is not clear, but it seems probable that it was put in the south line of the five-acre lot for the purpose of driving onto the plaintiff's own wood lot.

The parties having the right of way for some years, drove across waste land north of the five-acre piece to the plaintiff's own wood road, thus entering the wood lot for which the right of way was reserved. No objection was made to this until they drove through the plaintiff's crops on the five-acre lot, when the controversy began.

The plaintiff had nothing to do with the drawing of the contract or of the deed. These were drawn by direction of the defendant to his own attorney. Now at this late day, when confronted with his own solemn covenant against incumbrances, it is going too far on the proof in this case to allow him to escape the consequences under a plea that the reservation was omitted by mutual mistake.

A written instrument, carefully and deliberately prepared and executed, is evidence of the highest character, and will be presumed to express the intention of the parties to it until the contrary appears by clear, positive and unequivocal evidence. To entitle a party to a decree reforming such an instrument because of mistake, he must show that the material stipulation which he claims was omitted or inserted, was omitted or inserted contrary to the intention of both parties and under a mutual mistake. It is not enough to show that he made a mistake himself; that through inadvertence and error on his part he executed an instrument which did not express what he intended. He must also show that the other contracting party labored under a similar delusion. (*Nevius* v. *Dunlap*, 33 N. Y. 676, 680.) Equity will not make a new agreement for the parties, nor, under color of reforming one made by them, add a provision

which they never agreed upon and did not want when the contract
was written, although it may afterwards appear very expedient or
proper that it should have been incorporated. A mistake on one
side may be a ground for rescinding a contract or for refusing to
enforce its specific provisions, but it cannot be a ground for altering
its terms. (*Curtis* v. *Albee*, 167 N. Y. 364.) Courts of equity
should exercise great caution in reforming written instruments, and
proof as to the mistake should be so clear and convincing as to leave
no room for doubt. (*Mead* v. *Westchester Fire Ins. Co.*, 64 N. Y.
453, 455.)

These rules are salutary ones, long established, from which courts
should not depart. Applying them to the present case we think the
trial court erred in granting a reformation and dismissing the plain-
tiff's complaint.

The judgment should be reversed and a new trial granted, with
costs to appellant to abide the event.

All concurred.

Judgment reversed on law and facts and new trial granted, with
costs to appellant to abide event.